## SOLOMON PITKIN *et al. versus* OTIS THOMPSON *et ux.*

A feme sole, having contracted a debt in Rhode Island, took the benefit of an insolvent act of that State passed after the debt was contracted, whereby her person was discharged from arrest, and then married in the same State, having no property. The creditor and the wife were inhabitants and citizens of Rhode Island at the time when the debt was contracted, when the insolvent act was passed, when the proceedings under it were had, and when the marriage took place. The husband was a citizen of Massachusetts, and after the marriage the wife came here and resided with him. The act provides, that no man who shall intermarry with any woman who shall have had the benefit of the act, shall be liable for any debt incurred by her before the benefit of the act was extended to her, for any greater amount than the value of the property which he acquired by the marriage. An action for the debt having been brought here against the husband and wife, *it was held,* that the husband was not liable, and that the action could not be sustained.

ASSUMPSIT. Upon a case stated it appears, that the action is brought for goods sold and delivered in 1827, to Mrs. Thompson, then Charlotte Fales, she and the plaintiffs at that time residing in Rhode Island. In September 1828, and previously to her intermarriage with Mr. Thompson, Miss Fales, having been engaged in trade, took the benefit of the insolvent act of Rhode Island, passed January 19, 1828, and duly obtained her certificate of discharge. On the 30th of September 1828, the defendants were married in Rhode Island, Miss Fales being an inhabitant of that State, and Mr. Thompson an inhabitant of Massachusetts. No property of the wife has ever come into the possession or under the control of the husband by the marriage, other than the wife's wearing apparel. Soon after the marriage Mrs. Thompson accompanied her husband to Massachusetts, and they have resided here ever since. One of the plaintiffs also is now an inhabitant of Massachusetts.

If, upon these facts, the plaintiffs were entitled to recover, the defendants were to be defaulted ; if otherwise, the plaintiffs were to be nonsuit.

The statute of Rhode Island provides, in § 7, that every insolvent debtor who shall, without fraud or perjury, obtain a certificate of discharge &c , shall forever thereafter be exonerated and protected from arrest, imprisonment, or any

manner of bodily restraint, on account of any debt &c. incurred prior to the reception of his or her petition ; and in § 12, " that no man who shall hereafter intermarry with any woman, who shall have the benefit of this act extended to her, and who has complied with and conformed to all the requirements of this act on hei part, shall be liable in any way, in his person or estate, for any debt incurred, or on any contract, covenant, bond or agreement entered into by his wife, before the benefit of this act was extended to her, for any greater amount than the value of such property as actually came to his possession, or under his control, by the marriage, other than her wearing apparel."

*Sept. 25th.*

*E. Dickinson,* for the plaintiffs, contended that the insolvent act having been passed after the contract was entered into, the discharge obtained under it by the wife *dum sola,* was ineffectual and void ; *Blanchard* v. *Russell,* 13 Mass. R. 1 ; *Kimberly* v. *Ely,* 6 Pick. 451 ; and consequently the general rule of law was applicable, making the husband liable for the debts contracted by the wife *dum sola* ; an that as the wife could not be sued without her husband, th plaintiffs would be without any remedy during the coverture, if a joint action could not be sustained.

*L. Strong, contrà,* argued, that by the insolvent act of Rhode Island, it was intended that the discharge should embrace all debts due from a female, whether contracted before or after the passing of the statute ; that if the female in the present case had remained unmarried, she might perhaps have continued liable for this debt, which was contracted before the insolvent law was enacted ; that by that law, however, the husband did not, by his marriage, become responsible in Rhode Island, for this debt ; that the law of the place where the contract of marriage was entered into, would govern the incidents and legal effect of such contract elsewhere, and consequently, if the husband was not liable for this debt in Rhode Island, he was not liable here ; *Robinson* v. *Bland,* 1 W. Bl. 258 ; *Smith* v. *Smith,* 2 Johns. R. 241 ; *Powers* v. *Lynch,* 3 Mass. R. 80 ; *Blanchard* v. *Russell,* 13 Mass. R. 4 ; *Prentiss* v. *Savage,* ibid.

20 ; *West Cambridge* v. *Lexington,* 1 Pick. 510 ; 3 Dallas, 370 ; that the rule, that the remedy is governed by the *lex fori,* was not applicable, since the husband never was liable for this debt ; and that if the plaintiffs were entitled to judgment, the form of the execution should be varied, so as to protect the husband, and it should be made to run, not against the person of the wife, (which would in effect be compelling the husband to pay the debt,) but only against her property. *Tappan* v. *Poor,* 15 Mass. R. 422 ; *Cooke* v. *Gibbs,* 3 Mass. R. 193 ; Reeve's Dom. Rel. 70 ; *Bardolph* v. *Perry,* Moore, 704 ; 3 Bl. Com. 414 ; Metcalf's Yelv. 106, note ; *Hawk* v. *Harman,* 5 Binn. 45 ; *Haines* v. *Corliss,* 4 Mass. R. 659 ; *Kimball* v. *Molony,* 3 N. Hampsh. R. 377 : *M'Kinstry* v. *Davis,* 3 Cowen, 339.

SHAW C. J. delivered the opinion of the Court. This is a joint action against the defendants as husband and wife, to charge the husband with the debt of the wife contracted before the marriage, in the State of Rhode Island, where she then resided. The defence, not denying that the debt was contracted as charged, is placed upon the ground, that prior to the marriage, the female defendant, then Charlotte Fales, took the benefit of the insolvent law of the State of Rhode Island, where both she and the plaintiffs then resided, and thereby obtained a qualified discharge, and that one of the effects of that discharge was, to exempt any husband she should marry, from the liability for her debts, which otherwise, by the principles of the common law, would devolve on him by the marriage.

The question is, whether this discharge, and the law under which it was obtained, can have any, and what effect in this State. And the Court are of opinion, that by force of this statute, the defendant Thompson, intermarrying there with one who came within its provisions, did not become liable for those debts of his wife, of which she had obtained such qualified discharge, and that such discharge prevents any cause of action from arising against him for such debts, at least for all such debts due to citizens of Rhode Island. The debt in the present case being so due, the creditors are bound by this provision, and they do not

exempt themselves from its operation, by subsequently becoming citizens of this State.

In applying the doctrine of *lex loci contractûs* to the obligations resulting from marriage, I would confine it (which is all that is necessary to the purposes of this action) to civil rights of property, which may be differently regulated by the positive laws of different communities.

It may well be admitted, consistently with this principle, that there are certain duties and obligations arising out of the contract of marriage, and out of the relation thereby established, which are of general, continuing and lasting obligation, recognised at least in all christian communities, to which the laws of every community will attach, when the married parties, in good faith and with a sincere and honest purpose to change their domicile, come to reside within its jurisdiction.

These rights and obligations are incident to the very nature and subsistence of the conjugal relation. But superadded to these there may exist very different rules and legal provisions, established by the positive municipal laws, in regard to the rights of property, which shall attach to the relation of husband and wife.

The rule of the common law, that upon the marriage all the personal property of the wife shall *de facto* vest in the husband, and the correlative principle, that the husband shall *de facto* become responsible for the debts of the wife, are of this character. They are not at all necessarily incident to the conjugal relation ; they depend upon such views of policy as each community, in the enactment of its municipal laws, may take, upon the subject. In France, and other countries governed principally by the rules of the civil law, it is understood to be otherwise. And there seems to be no reason why communities, governed generally by the rules of the common law, but enjoying full powers of legislation, may not alter these principles, in whole or in part, to suit their own views of the best interests of their citizens.

It was, therefore, competent for the State of Rhode Island to modify their laws upon this subject, and in point of fact they have provided, that in certain cases, of which the

present is one, the husband, upon marriage, shall not become responsible for the debts of the wife, contracted *dum sola* This law was made prior to the marriage of the defendants, and therefore, in regard to that event, it was prospective and not retrospective.

Then how stood the matter in Rhode Island immediately upon the marriage ? What was the obligation of the husband there ?

The ground upon which the plaintiffs would there seek to charge the husband, and upon which they now seek to charge him here, is that of an obligation implied by law. The plaintiffs can show no promise, or express act or undertaking of the husband, by which he has engaged to pay this debt of the wife. They rely upon the obligation implied by law, from the husband's responsibility. In setting this out in a declaration, they must allege, after stating the facts creating a debt on the part of the wife *dum sola*, that the husband became liable in law to pay, and in consideration of such liability, promised. Without the legal liability there is no promise or obligation.

At the time of the marriage the plaintiffs were citizens of Rhode Island and bound by its laws. It follows then, that upon the marriage, in the State of Rhode Island, contrary to the general rule of the common law, the husband, by force of the statute, was exempt and not liable for those debts of the wife, of which she had been *sub modo* discharged, and of which that sued for in this action is one.

Such being the state of the obligation there, is it changed when the same parties seek their remedy in the courts and under the laws of this State ? The Court are of opinion that it is not.

It is a familiar distinction, that when a remedy is sought in one State, upon an obligation contracted in another, the *lex loci contractûs* governs the contract, its construction, incidents and legal effect, and the *lex fori* governs the remedy.

The question here relates to the contract, its nature and legal incidents, and not to the manner in which the remedy is sought. It is, therefore, to be decided upon the same

grounds as it would be before a court sitting in Rhode Island, and administering the laws of that State. These principles are stated in reference to the present case, in which all the parties, at the time the debt was contracted, at the time the law was passed, at the time the proceedings in regard to the debts and the qualified discharge of the female defendant were had, and also at the time of the defendants' marriage, were inhabitants and citizens of Rhode Island. It was at some one of these times, that the husband must have been liable, if he ever was so. And we think it makes no difference in respect to his liability, that one of the plaintiffs has since become a citizen of this State.

The question would be open to different considerations, if the contracting parties were, at the time of the contract, citizens of different States.

*Plaintiffs nonsuit.*